W. WEST ALLEN
Nevada Bar. No. 5566
JAY YOUNG
Nevada Bar No. 5562
JASON P. WEILAND
Nevada Bar No. 12127
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
wwa@h2law.com
jay@h2law.com
jw@h2law.com

*Attorneys for Plaintiffs*
*Octaform Systems Inc. and Octaform Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OCTAFORM SYSTEMS INC. and OCTAFORM INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BRUCE JOHNSTON, ALBA LUCIA LOZANO HERNANDEZ JOHNSTON, JUN YU, CAROLINA DIAZ, and H-PAC PLASTICS, LLC, <br><br> Defendants. | **Case No.: 2:16-cv-02500-APG-PAL** <br><br> **(PROPOSED) STIPULATED PROTECTIVE ORDER** |

Plaintiffs Octaform Systems Inc. and Octaform Inc. (collectively, "Octaform" or "Plaintiff") and Defendants Bruce Johnston, Alba Lucia Lozano Hernandez Johnston, Jun Yu, Carolina Diaz, and H-PAC Plastics, LLC (collectively, "Defendants"), the Parties to this action (collectively, the "Parties" and individually a "Party"), and possible third-party witnesses, possess Confidential Information as defined below, which may be disclosed in responding to discovery requests, providing testimony, or otherwise in the above-captioned action (the "Action") and which must be protected in order to preserve the legitimate business and other interests of the Parties.

1

The Parties have, through counsel, stipulated to the entry of this Stipulated Protective Order to prevent unnecessary dissemination or disclosure of such Confidential Information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court having reviewed the terms and conditions of the Stipulated Protective Order submitted by the Parties finds good cause to enter the following Stipulated Protective Order ("Order" or "Stipulated Protective Order"):

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. This Stipulated Protective Order shall apply to all information, documents and things subject to discovery or provided in this Action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced for inspection and documents and things provided, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admissions. This Stipulated Protective Order is binding upon the Parties to this Action, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers, employees, as well as others as set forth in this Stipulated Protective Order.

**DEFINITIONS**

2. The term "Confidential Information" as used in this Stipulated Protective Order is to include all non-public, sensitive or confidential information, including personal identity information, income tax returns (including attached schedules and forms), W-2 forms and 1099 forms, medical information concerning any individual and information that the Party or third party designating the information in accordance with the terms of this Stipulated Protective Order believes in good faith constitutes or discloses or relates to processes, operations, research, technical or developmental information, source code, production, marketing, sales, shipments, purchases, pricing, transfers or other proprietary, secret, or sensitive data or information of

commercial value, including, but not limited to, trade secrets or any other information within the meaning of Federal Rules of Civil Procedure 26(c)(1)(G).

3. The terms "Designating Party" and "Producing Party" mean, respectively, the Party or third party designating information, documents, or things as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY," under this Stipulated Protective Order and the Party or third party producing information, documents, or things so designated in this action.

4. The term "Receiving Party" shall mean any person to whom Confidential Information is disclosed pursuant to this Stipulated Protective Order.

5. The term "this Action" shall mean the above-captioned litigation.

6. The term "Outside Counsel" shall mean law firms and/or lawyers that have been retained by a Party to provide advice in connection with this Action and who have made an appearance in this Action.

### **DESIGNATION OF CONFIDENTIAL INFORMATION**

7. Any Party who produces or discloses any information, document or thing that it believes in good faith comprises Confidential Information may designate the same at the time of such production or disclosure by the marking of the word "CONFIDENTIAL" prominently on each page of all documents containing the information or, as to things other than documents, by prominently marking the thing, to the extent reasonably possible, with the word "CONFIDENTIAL." When the Designating Party believes in good faith that the Confidential Information additionally meets the requirements set forth in this Stipulated Protective Order, the information, document, or thing may be further designated as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" by being marked as described above with those words.

8. Confidential Information may include, without limitation: information, documents, and things produced in this Action during formal discovery or otherwise; documents and information produced by third parties that the Producing Party or Designating Party is under an obligation to maintain in confidence or believes comprises Confidential Information; answers

3

to interrogatories, responses to requests for production, responses to requests for admission, or other discovery requests; deposition transcripts; and tangible things or objects that are designated "CONFIDENTIAL" pursuant to this Stipulated Protective Order. The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose Confidential Information, as well as all testimony and oral conversations that contain or disclose Confidential Information, shall also be deemed Confidential Information. Information, documents or things originally designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order shall not retain Confidential Information status after any ruling by any court of competent jurisdiction denying such status.

9. If a Producing Party elects to produce original files and records for inspection and the Receiving Party desires to inspect those files, no confidentiality designations need be made by the Producing Party in advance of the initial inspection, but the Receiving Party shall maintain the confidentiality of all those original files and records that it reviews and treat such information as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY." Thereafter, upon selection of specified documents, materials or things for copying by the Receiving Party, the Producing Party shall mark the copies of such documents as may contain protected subject matter with the appropriate designation at the time the copies are produced to the Receiving Party.

10. A Party seeking discovery from a third party may provide a copy of this Stipulated Protective Order to any third party required to produce information, documents or things or otherwise formally disclose information in response to discovery requests during this Action. Such third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Stipulated Protective Order through the execution of the Declaration of Compliance, attached to this Stipulated Protective Order as **Appendix A**, and thereby become a "Designating Party" or a "Producing Party" within the meaning of those terms as they are used in the context of this Stipulated Protective Order.

11. Confidential Information that originated with a third party, subject to the terms of any confidentiality obligation to that third party, may be designated as "CONFIDENTIAL" and shall, once designated, be subject to the restrictions on disclosure specified in this Stipulated Protective Order.

12. Except as otherwise provided in this Stipulated Protective Order, in the event any Producing Party produces Confidential Information that has not been designated as permitted by this Stipulated Protective Order, or that has not been correctly designated, the Producing Party or any other Party with a good faith, legitimate interest in protecting the Confidential Information may designate or re-designate the information, document or thing to the same extent as it may have designated the information before production by a subsequent notice in writing specifically identifying the re-designated information accompanied by a replacement set of such undesignated or incorrectly designated documents bearing the appropriate designation thereon. In that event, the Parties and all persons subject to this Stipulated Protective Order shall henceforth treat such information in accord with this Stipulated Protective Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the re-designation. Further, the Receiving Party shall immediately return the documents that lacked the correct designation to the Designating Party upon receiving the replacement set of documents bearing the appropriate designation.  No showing of error, inadvertence, or excusable neglect shall be required for such re-designation.

13. Any Receiving Party may at any time request that the Producing Party add, remove or change the designation under this Stipulated Protective Order of any information, document, or thing. Such request shall be served in writing on counsel for the Designating Party, and shall particularly identify the designated information that the Receiving Party contends is not confidential or is not properly designated and the reasons supporting its contention.  A party challenging the designation of any information must do so in good faith and must give the designating party an opportunity to review the designated material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the

designation. The Designating Party must respond to a request to add, remove or change the designation of information under this Stipulated Protective Order within five (5) business days. If the Designating Party does not agree to remove or change the designation within ten (10) calendar days of receipt of the request, then the party contending that such documents are mis-designated may file a motion to remove or change such designation. Unless and until the Court acts on such motion, the information, document or thing shall be treated as designated by the Designating Party.

14.   The failure to challenge a designation of information as provided in Paragraph 13 above shall not be construed or presented as an admission that, or as support for an argument that, such material constitutes a trade secret or as support for an argument that, such material constitutes a trade secret or is otherwise entitled to protection by contract or statute, beyond the discovery protections contained herein.  Likewise, inspection, receipt, or filing under seal by a party of information, a document or thing designated hereunder shall not constitute a concession or admission by that Party, or be construed or presented as support for an argument, that the information, document or thing is or contains Confidential Information and/or constitutes a trade secret. Nor shall the designation of any information, document or thing hereunder be construed as an admission that such Confidential Information is relevant or material to any issues in this Action.

## SPECIAL PROTECTIONS FOR HIGHLY SENSITIVE CONFIDENTIAL INFORMATION

15.   Confidential Information may be designated "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY," and shall be treated as provided in this Stipulated Protective Order, if : (i) the Designating Party believes in good faith the information to be highly sensitive from a commercial or competitive perspective, or (ii) of another person that the Designating Party is under a contractual or legal obligation to protect from disclosure.

6

16. Only the following individuals shall have access to "HIGHLY CONFIDENTIAL- ATTORNEYS EYES ONLY" materials, absent the express written consent of the Designating Party or further court order:

    a. Outside counsel of record for the Parties to this Action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in this Action;

    b. Any outside expert or consultant for the Receiving Party retained by counsel for the Receiving Party either as a technical consultant or expert witness for the purposes of this action, who has been pre-approved in accordance with Paragraph 19, who has agreed in writing to be bound by the provisions of this Stipulated Protective Order by executing the Declaration of Compliance (**App. A**);

    c. The Court, its technical advisor(s) (if appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action;

    d. While testifying at deposition, hearing or trial in this action: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure regarding a topic bearing on the functionality or use of attorneys eyes only information and material; and (iii) any person who authored, previously received or was directly involved in the development or use of attorneys eyes only information and material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view or attorneys' eyes only information and material pursuant to this sub-paragraph (d) shall, if requested by the Designating Party, be required to execute the

7

Declaration of Compliance (**App. A**), and shall not be given or retain copies of the attorneys eyes only information and material except while so testifying.

## DEPOSITION TRANSCRIPTS

17. The deposition testimony and deposition transcript of a Party shall be presumptively deemed to contain Confidential Information and subject to the provisions of this Stipulated Protective Order. In the case of a deposition of a third party, if the third party requests, this presumption shall also apply to the third party's deposition testimony and transcript. Such testimony and transcripts shall for a period of thirty (30) business days following receipt of the transcript by counsel for the deponent be treated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" information. Within thirty (30) business days following receipt of the transcript, counsel for the deponent, and, if the deponent is not a Party, outside counsel for a Party may designate certain portions of the deposition as Confidential Information by notifying all counsel of record and, when necessary, the deponent or deponent's counsel in writing of said designation(s). Such portions of the transcripts and the Confidential Information contained therein shall be treated as subject to the terms of this Stipulated Protective Order. Outside counsel for each Party and counsel for any third party shall be responsible for marking the designated portions of copies of the transcript in their possession in accordance with the notification and treating the information thereafter as required by this Stipulated Protective Order. Counsel for the Designating Party may not simply designate an entire transcript as "CONFIDENTIAL," but shall make a good faith effort to apply the designation(s) by page and line number. If counsel for the deponent or any Party to this action designates a portion of the testimony as containing Confidential Information on the record during the deposition, the Designating Party shall have the right to exclude all persons not bound or authorized under the Stipulated Protective Order from the deposition, or any portion thereof, before the designated testimony is taken. Any such designation on the record does not relieve the Designating Party from thereafter making a written designation as provided above. The right under this Stipulated

Protective Order to make any such designation of Confidential Information in a deposition transcript is waived unless made in accord with provision.

## **DISCLOSURE OF CONFIDENTIAL INFORMATION OTHER THAN CONFIDENTIAL-ATTORNEYS EYES ONLY MATERIAL**

18. Subject to the further limitations for information, materials or things designated "CONFIDENTIAL-ATTORNEYS EYES ONLY" as provided under this Stipulated Protective Order, only the following individuals may have access to information, materials or things designated "CONFIDENTIAL", absent the express written consent of the Designating Party or further court order:

   a. Outside counsel of record for the Parties to this Action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in this Action;

   b. The parties to this Action, including their officers and employees, all of whom shall be advised of the terms of this Stipulated Protective Order prior to the disclosure of the Confidential Information to them, and who, if the Designating Party requests shall be required to execute the Declaration of Compliance (**App. A**);

   c. Any independent litigation support providers retained by outside counsel to assist in this Action (e.g., outside copy services, graphic artists and visual aid providers, and jury consultants, including mock jurors hired by such consultants) who have executed a Declaration of Compliance (**App. A**);

   d. The Court, its technical advisor(s) (if appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action;

   e. Any outside expert or consultant for the Receiving Party retained by counsel for the Receiving Party either as a technical consultant or expert

9

    witness for the purposes of this action, who has been pre-approved in accordance with Paragraph 19, who has agreed in writing to be bound by the provisions of this Stipulated Protective Order by executing the Declaration of Compliance (**App. A**); and

  f. Individuals who created, authored or received through proper means the designated information when such creation, authorship or receipt is apparent, or from whose files the designated information was obtained, when such origin is known.

  19. Before any person may be given access to Confidential Information under Paragraphs 16.b, 16.d, 18.b, or 18.e, the party seeking to provide such access must give written notice to the attorneys for the Designating Party of its intention to make such disclosure, providing the name, address, and a curriculum vitae, including a list of all publications of the person in the last ten years to whom disclosure is proposed. The notice must also indicate whether the person seeks to be eligible to access "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY," materials. Within ten (10) business days from the service of such written notice, the Designating Party may object to such disclosure by service of a written notice of objection on the attorneys for the party seeking to make the disclosure, stating the reasons for the objection. No disclosure of Confidential Information to any such person may occur prior to the expiration of ten (10) business days from the date of service of the written notice of intent to disclose unless consent is granted earlier by the Designating Party. If the Designating Party gives notice of objection to disclosure, and the Parties are unable to resolve the issue after a good faith attempt to do so by agreement, the party seeking to make the disclosure may file a motion seeking leave of the Court to make the disclosure and may not make such disclosure without an order of the Court authorizing such disclosure. Any such motion shall contain the representation that the Parties made a good faith attempt to resolve the dispute, but were unable to do so.

20. The list of persons to whom Confidential Information may be disclosed as forth in Paragraph 16(a) - (d) and Paragraph 18(a) - (f) may be expanded or modified by mutual agreement in writing by counsel for the Designating Party and the Receiving Party without necessity of modifying this Stipulated Protective Order.

21. ALL CONFIDENTIAL INFORMATION DISCLOSED PURSUANT TO THIS STIPULATED PROTECTIVE ORDER SHALL BE USED BY ANY RECIPIENT THEREOF SOLELY FOR THE PURPOSES OF THIS ACTION, AND NOT FOR ANY OTHER ACTION OR LITIGATION (UNLESS SUCH ACTION INVOLVES ANY OF THE NAMED PARTIES IN THIS ACTION), BUSINESS, COMPETITIVE, RESEARCH, DEVELOPMENT OR OTHER PURPOSES.

22. Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel for a Party from rendering legal advice to such Party with respect to the action and, in the course thereof, relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the Party, counsel shall not specifically disclose Confidential Information to persons not entitled to access the Confidential Information under the terms of this Stipulated Protective Order.

23. Nothing herein shall prevent any Party or third party from disclosing its own Confidential Information in any manner that it considers appropriate.

24. If a Party intends to reveal Confidential Information of another Party or third party during a trial, court appearance, or hearing which is open to the public, the Party intending to reveal such Confidential Information shall provide reasonable notice and opportunity to the Designating Party to object, unless written consent from the Designating Party is previously obtained. Reasonable notice shall be determined under the circumstances.

25. The recipient of Confidential Information designated as provided for in this Stipulated Protective Order shall maintain such information, documents, or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information, documents, or things. Confidential Information shall

be held in confidence by each person to whom it is disclosed, and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Any counsel responsible under this Stipulated Protective Order to obtain an executed Declaration of Compliance (**App. A**) must maintain copies of all executed Declarations of Compliance and make them available to outside counsel for the other Party or to counsel for a third party Designating Party upon request.

**USE OF CONFIDENTIAL INFORMATION IN THE CONDUCT OF THIS ACTION**

26. CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION may be used by the attorneys of record in good faith in conducting discovery, provided that the CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEY'S EYES ONLY INFORMATION is protected pursuant to the terms and conditions of this Protective Order.

27. CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION may be disclosed to a witness not already allowed access to such information under this Protective Order only if:

    i. the CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION was previously received or authored by the witness or was authored or received by a director, officer, employee or agent of the entity for which the witness is testifying as a Rule 30(b)(6) designee;

    ii. the CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION was produced by or obtained from the witness or from an entity for whom the witness is or was a director, officer, employee, consultant or agent;

    iii. counsel for the Party designating the material as CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY

INFORMATION agrees that the material may be disclosed to the witness; or;

iv. upon order of the Court for good cause shown.

Notwithstanding, the CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION will retain its designation for all purposes.

28. If the CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION is used in any deposition, then, at the option of the Disclosing Party, that portion of the proceeding shall be conducted outside the presence of all unqualified persons and any testimony or transcript relating thereto shall be designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION. In the event of disclosure under this paragraph, only the court reporter, videographer. deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION. Disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION pursuant to this paragraph 11 shall not constitute a waiver of the protection afforded such information under this Order.

29. Nothing herein shall prevent any Party or third party from disclosing its own Confidential Information in any manner that it considers appropriate.

30. Nothing in this Order shall be construed to affect the use of any document, material or information at any trial, court appearance or hearing. If a party intends to reveal Confidential Information of another party or third party during a trial, court appearance, or hearing which is open to the public, the party intending to reveal such Confidential Information shall provide reasonable notice and opportunity to the Designating Party to object, unless written consent from the Designating Party is previously obtained. Reasonable notice shall be determined under the circumstances. The Court may thereafter make such orders as are

13

necessary to govern the use of such document or information at trial, court appearance or hearing.

### SEALED FILINGS

31. Any documents containing Confidential Information should be filed under seal in accordance with the Local Rules.

### NO WAIVER

32. This Protective Order is intended to provide a mechanism for the handling of CONFIDENTIAL INFORMATION or CONFIDENTIAL—ATTORNEYS EYES ONLY INFORMATION in this action. Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, nor any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or in any other action including, but not limited to, the right to seek confidentiality protections greater than those provided for in this order, the right to claim that any information is or is not proprietary to any Party, or is or is not entitled to particular protection, or that such information does or does not embody the trade secrets of any Party.

### INADVERTENT PRODUCTION, DESIGNATION, OR DISCLOSURE

33. Inadvertent production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege or protection, provided that the Designating Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents and all copies thereof shall promptly be returned to the Designating Party upon request. No use shall be made of such documents other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them.  No demonstration or proof of error, inadvertence,

14

excusable neglect, or absence of negligence shall be required of the Designating Party in order for such party to avail itself of the provisions of this paragraph. The fact of the inadvertent production cannot be used by the Receiving Party as a basis for any motion to compel.  Pursuant to Fed. R. Evid. 502(d), the Court orders that the protections of this provision also extend to any other Federal or State proceeding.

### **DURATION OF ORDER, OBJECTIONS, MODIFICATIONS**

34. This Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to agreement of the Parties hereto.  This Stipulated Protective Order shall continue in effect after termination of this Action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

35. This Court shall retain jurisdiction of any disputes or issues concerning the terms, amendment of, or enforcement of this Stipulated Protective Order or any Declaration of Compliance, and all persons receiving Confidential Information pursuant to this Stipulated Protective Order thereby consent to the jurisdiction of this Court.

36. Upon final termination of this action (including all appeals) the Receiving Party shall, within sixty (60) calendar days of such termination, either return to the Designating Party or destroy all Confidential Information in its possession.  The Parties will take reasonable steps to insure that all electronic copies of Confidential Information are destroyed or returned, but are not required to search for such information on backup media that are not reasonably accessible to the Party. Within sixty (60) calendar days of final termination of this Action, counsel for the Receiving Party shall deliver a written certification to the Designating Party attesting that reasonable efforts have been made to assure that all such Confidential Information and any copies thereof have been destroyed or delivered in accordance with the terms of this Stipulated Protective Order, except that Outside counsel shall be entitled to retain all litigation documents including exhibits and their own memoranda containing Confidential Information, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on

this Action, and shall not, without the written permission of the Designating Party or an order of the Court, be disclosed to anyone other than such outside counsel. A Party to this action who has disclosed Confidential Information to other Parties or persons as permitted by this Stipulated Protective Order is responsible for requesting and obtaining the return of all documents or things containing Confidential Information from those parties or person(s) or a written certification attesting to the destruction pursuant to this Paragraph.

### **MISCELLANEOUS**

37. No reference may be made at trial in this action in the presence of the jury to the existence of this Stipulated Protective Order or to the effect that certain material is subject to this Stipulated Protective Order, unless permitted by the Court.

38. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter.

39. If the Receiving Party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Stipulated Protective Order, the Receiving Party responsible for the disclosure must immediately inform the Designating Party of such disclosure and shall make a good faith effort to retrieve any documents or things so disclosed and to prevent disclosure by each unauthorized person who received such information.

40. Written notice to a Party or third party required under this Stipulated Protective Order will be deemed served: a) if by email, on the date it is emailed or sent by facsimile, provided that it is sent before 6:00 p.m. Pacific Time, or, if not, the next business day; or b) three (3) days following the date on which it is deposited in the U.S. Mail, First Class Mail, Postage Prepaid.

41. The Stipulated Protective Order may be modified only by written agreement of the Parties as provided herein or further order of the Court and is without prejudice to the rights

of any Party or third party to seek additional or different relief from the Court not specified in this Stipulated Protective Order.

42. In the event that Confidential Information disclosed during the course of this action is sought by any person or entity not a Party to this action, whether by subpoena in another action or service with any legal process, the Party receiving such subpoena or service shall notify outside counsel for the Designating Party, in writing, promptly and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. It is the Designating Party's burden to intervene if it desires to quash all or portions of the subpoena based on confidentiality concerns. Any such person or entity seeking such Confidential Information by attempting to enforce such subpoena or other legal process shall be apprised of this Stipulated Protective Order by outside counsel for the Party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Stipulated Protective Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Information covered by this Stipulated Protective Order, or to subject itself to penalties for non-compliance with any legal process or order. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Confidential Information designated by another Party to this case.

43. The restrictions set forth in the preceding paragraphs shall not apply to information, documents or things that: (a) at or prior to disclosure thereof in this Action, is or was a matter of public knowledge or was independently obtained by the Receiving Party from a third party having the right to disclose the same; (b) after disclosure thereof, becomes public knowledge other than by act or omission of the receiving party or its agents, experts, and attorneys; (c) is disclosed by the Designating Party or the Producing Party to a third party who is not subject to this Stipulated Protective Order and who does not have an obligation to maintain the confidentiality of the information; (d) was obtained outside of this action by the Receiving

17

Party from the Producing Party or Designating Party without it having been designated as confidential or without any other attendant obligation of confidentiality.

44. In the event anyone shall violate or threaten to violate the terms of this Stipulated Protective Order, the aggrieved party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Protective Order, and, in the event that the aggrieved party does so, the responding party, subject to the provisions of this Stipulated Protective Order, shall not employ as a defense to that claim that the aggrieved party possesses an adequate remedy at law.

45. Nothing herein shall prevent any party or third party from seeking additional or different relief from the Court not specified in this Stipulated Protective Order.

46. The section titles in this Stipulated Protective Order are for convenience of organization only, and are not part of, nor are they relevant to, the construction of this Stipulated Protective Order.

Dated this 10th day of March, 2017

HOWARD & HOWARD ATTORNEYS PLLC

By: */s/   W. West Allen*
    W. WEST ALLEN
    Nevada Bar. No. 5566
    3800 Howard Hughes Parkway, Suite 1000
    Las Vegas, Nevada 89169

*Attorneys for Plaintiffs*
*Octaform Systems Inc. and Octaform Inc.*

Dated this 10th day of March, 2017

DICKINSON WRIGHT PLLC

By: */s/   John L. Krieger*
    JOHN L. KRIEGER
    Nevada Bar No.:  6023
    8363 West Sunset Road, Suite 200
    Las Vegas, NV  89113

*Attorneys for Defendants*
*Bruce Johnston, Alba Lucia Lozano*
*Hernandez Johnston, Jun Yu, Carolina Diaz,*
*and H-Pac Plastics, LLC*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  March 17, 2017

18

# APPENDIX A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OCTAFORM SYSTEMS INC. and OCTAFORM INC.,<br><br>           Plaintiffs,<br>vs.<br><br>BRUCE JOHNSTON, ALBA LUCIA LOZANO HERNANDEZ JOHNSTON, JUN YU, CAROLINA DIAZ, and H-PAC PLASTICS, LLC,<br><br>           Defendants. | **Case No.: 2:16-cv-02500-APG-PAL**<br><br>**APPENDIX A**<br><br>**DECLARATION OF COMPLIANCE** |

I, _____ do declare and state as follows:

I live at _____. I am employed as _____ (position) by _____ (name and address of employer).

I have read the Stipulated Protective Order entered in this case, a copy of which has been given to me.

I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order and consent to the jurisdiction of the United States District Court for the District of Nevada to enforce the terms of the Stipulated Protective Order, including that upon receipt of any Confidential Information, and I will be personally subject to it and to all of its requirements and procedures.

Further, I declare, as provided by 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this _____ day of _____, 201__

                              [Signed by Recipient]

                              Name [Printed]