|    |                                                      |                                          |
|----|------------------------------------------------------|------------------------------------------|
| 1  | **UNITED STATES DISTRICT COURT**                     |                                          |
| 2  | **DISTRICT OF NEVADA**                               |                                          |
| 3  | * * *                                                |                                          |

| OCTAFORM SYSTEMS INC. and OCTAFORM INC., | Case No. 2:16-cv-02500-APG-VCF |
|---|---|
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND** |
| v. | |
| BRUCE JOHNSTON, ALBA LUCIA LOZANO HERNANDEZ JOHNSTON, JUN YU, CAROLINA DIAZ, and H-PAC PLASTICS, LLC, | (ECF No. 16) |
| Defendants. | |

Plaintiff Octaform Systems Inc. ("Octaform")[1] designs PVC forms for pouring concrete. It alleges that several of its former employees conspired with Octaform's Chinese manufacturer to steal its designs. Octaform sues these former employees for stealing trade secrets and for several torts related to this alleged theft.

The defendant employees move to dismiss on two grounds. First, they argue that the whole case should be thrown out because Octaform did not join the manufacturer with whom they allegedly conspired. The defendants argue that this manufacturer is a necessary party under Federal Rule of Civil Procedure 19, without whom the case cannot proceed. But Rule 19 requires the defendants to establish either (1) that I will be unable to afford relief without the absent party, or (2) that the absent party's interests might be legally impacted by this case if I fail to join them. They have shown neither. Whether this manufacturer is joined has no impact on whether Octaform will succeed on its claim or what relief it will be given, and there is no evidence that the manufacturer will be bound by any determinations in this case.

---

[1] Plaintiffs Octaform Systems Inc. and Ocataform Inc. will be referred to as "Octaform" throughout.

Second, the defendants argue that if I don't dismiss the entire case under Rule 19, I should dismiss Octaform's various tort claims because they are precluded by Nevada's trade secret statute. On this point, I agree. Octaform has alleged several tort claims that are dependent on its trade secret claim, and Nevada law makes clear that as a result these tort claims are barred. I therefore dismiss Octaform's claims for conversion, interference with business relations, conspiracy, and unjust enrichment, but I otherwise deny the defendants' motion.

I. **BACKGROUND**

Octaform designs and makes PVC forms for pouring concrete.[2] Starting in 2011, Octaform used a Chinese company, Huajun,[3] to manufacture those forms.[4] From 2011 to 2016, the individual defendants were high-level Octaform employees.[5] In 2016, these employees allegedly quit their jobs at Octaform, created a new company, and then formed an alliance with Huajun to manufacture PVC forms that competed with Octaform's products.[6] Octaform alleges that the defendants and Huajun used their knowledge of Octaform's designs to create these competing products—and thereby misappropriated Octaform's trade secrets.[7] Octaform also alleges that the defendants, along with Huajun, took Octaform's design plans and refused to give back Octaform's die tools. The defendants then allegedly contacted Octaform's customers to sell the defendants' replica products to them.[8]

////

////

---

[2] ECF No. 1. The following facts are taken from Lopez's complaint, and I assume they are true for purposes of ruling on the defendants' motion.

[3] Octaform also alleges that Huajun's general manager participated in the enterprise, but I refer to the manufacturer-related parties collectively as "Huajan" for this order.

[4] *Id.* at ¶ 13.

[5] *Id.* at ¶¶ 9-60.

[6] *Id.*

[7] *Id.*

[8] *Id.*

## II. ANALYSIS

### A. Motions to Dismiss

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[9] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[10] "Factual allegations must be enough to rise above the speculative level."[11] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[12]

### B. Defendants have not established that this case is missing necessary parties.

The defendants' primary argument is that Octaform has failed to sue Huajun, and this manufacturer is a necessary party under Federal Rule of Civil Procedure 19. Rule 19 works in two steps. First, I decide if there are missing parties who are necessary to resolving this case. If so, I then try to join them; if I can't, I must decide whether they are so crucial that they are indispensable and their absence warrants outright dismissal of the action. Here, the defendants' argument fails at the first step because they have not established that Huajun's joinder is necessary, much less indispensable.

A party is necessary under Rule 19 in two scenarios. First, an absent party is necessary if I am unable to "accord" "complete relief" to the current parties without it.[13] Second, an absent party is necessary if it claims an interest in the subject matter of the action and, as "a practical matter," the disposition of this action will "impair or impede the [party's] ability to protect that

---

[9] Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[11] *Twombly*, 550 U.S. at 555.

[12] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

[13] Fed. R. Civ. P. 19.

interest."[14] Whether a party is necessary under either of these two theories is a matter within my discretion.[15] The defendants bear the burden of establishing dismissal is warranted.[16]

### 1. Whether I can afford the parties complete relief without joining the manufacturers.

The defendants argue that they will be liable for selling Huajun's products only if Octaform can first prove that Huajun illicitly made the products using Octaform's trade secrets. Thus, the defendants conclude that it will be impossible for Octaform to succeed on its claims without Huajun in this case.

But entities are not necessary parties merely because they were involved in the tort being sued over, and the defendants have not established that joining Huajun is otherwise needed for this case to proceed. This step of Rule 19 "asks whether the absence of the party would preclude [me] from fashioning meaningful relief as between the parties."[17] If Octaform proves that the defendants are selling or using trade secrets that they or Huajun misappropriated, I can enter monetary and injunctive relief against the defendants to redress those wrongs. The parties can conduct discovery (including from Huajun) and argue to the jury whether Huajun's products are infringing—without it being a party to this case.

The defendants also argue that Huajun should be joined because it was an "active participant" in the alleged trade secret misappropriation. While some district courts have held that being an active participant with a defendant is enough to make that party necessary, the Ninth

---

[14] *Id.* Rule 19 also refers to a situation where, without the missing person, the current party will be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." But neither party indicates that this part of the rule is relevant here.

[15] *Bakia v. County of Los Angeles*, 687 F.2d 299, 301 (9th Cir.1982); *see also Oculus Innovative Scis., Inc. v. Nofil Corp.*, WL 205068, at *1–2 (N.D. Cal. Jan. 25, 2007).

[16] *See Clinton v. Babbit*, 180 F.3d 1081, 1088 (9th Cir.1999).

[17] *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004).

Circuit has never adopted that test.[18] Much the opposite: the Ninth Circuit follows the standard given by the Supreme Court—and indeed, the standard offered by Rule 19's text—that being a joint tortfeasor with a defendant is not enough to require joinder unless that tortfeasor's absence will prevent the court from affording relief to the parties.[19]

### 2. Whether the manufacturer's interests will be impaired if I fail to join it.

Finally, the defendants contend that Rule 19's second situation is present: that the manufacturer's interests will be impaired if it is not joined. The thrust of the defendants' argument on this point is that "it is possible that any findings in this action could impair or impede [the manufacturer's] interests in any current or future litigation." But the defendants have not established that any rulings in this case will bind the manufacturers so that their interests might be in peril. If Octaform establishes that the defendants knowingly participated in trade secret misappropriation that, would not mean that the manufacturers would be liable.[20] Nor have

---

[18] The "active participant" theory suggests that in some cases it is necessary to join a person because they have unique access to evidence crucial to the case. *See, e.g. Ethypharm S.A. France v. Bentley Pharm., Inc.*, 388 F. Supp. 2d 426, 431 (D. Del. 2005) (holding a party necessary because he would "possess the necessary witnesses and information pertinent to determining what acts were performed, by whom, and whether the acts were wrongful"). But this would be no different than any other case where important evidence is held by someone overseas and the parties must use discovery to get at that information. And even if the Ninth Circuit adopted this rule, the defendants have not shown that they will be unable to access evidence that they need if Huajun is not joined to this case.

[19] *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit . . . . The Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability.'") (citing cases); *Oculus Innovative Scis., Inc. v. Nofil Corp.*, No. C 06-01686 SI, 2007 WL 205068, at *2–3 (N.D. Cal. Jan. 25, 2007) ("There is no such [active participant] exception in the Ninth Circuit. The Court must therefore follow *Temple*."); *JNK Entm't, LLC v. SP Sales & Distrib., et al.*, 2016 WL 9046673, at *3 (C.D. Cal. Mar. 2, 2016) ("The Ninth Circuit has not adopted the [active participant] . . . approach."). Some district court cases in the Ninth Circuit have mentioned the active participant rule favorably, but they typically involve parent-subsidiary relationships, which raise different issues. *See, e.g., In re Toyota Motor Corp.,* 785 F. Supp. 2d 883 (C.D. Cal. 2011); *Hi-Tech Gaming.com Ltd. v. IGT*, 2008 U.S. Dist. LEXIS 93740 (D. Nev. Nov. 18, 2008).

[20] Defendants do not meaningfully argue that the manufacturer would be subject to claim or issue preclusion so that it might be bound by this case. But even if they had, there is no

the defendants offered authority or explanation suggesting that a determination about the trade secrets for purposes of holding the defendants liable would prevent the manufacturer from claiming an ownership interest in these secrets.[21]

The defendants have not shown either that I will be unable to afford relief to the parties or that the manufacturer has an interest in this case that might be impeded. I thus find that they have not met their burden to establish that this case should be dismissed under Rule 19.

### C. Octaform's conversion, tortious interference, conspiracy, and unjust enrichment claims are not yet plausible.

Octaform's other tort claims are not plausible because each of them is contingent on Octaform's claim that the defendants misappropriated trade secrets—and Nevada's trade secrete statute thus bars these claims. The Nevada Uniform Trade Secrets Act ("NUTSA") "displaces conflicting tort, restitutionary, and other . . . civil remedies for misappropriation of a trade secret."[22] A tort claim conflicts with NUTSA if its proof depends on the defendant misappropriating a trade secret.[23] In other words, if a plaintiff must prove misappropriation of a trade secret to succeed on its tort claim, that tort claim is barred. And NUTSA's definition of a trade secret is broad, including "any information" that "[d]erives independent economic value . . .

---

indication that the manufacturer would be. Preclusion under Nevada law requires that "the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation." *Hafter v. Clark*, 992 F. Supp. 2d 1063, 1069 (D. Nev. 2014). There is no indication that the manufacturer is in privity with the defendants.

[21] This case might be different if Octaform sought a declaration that it owns the trade secrets at issue in this case, and the defendants made a sufficient showing that the manufacturer claims an interest in these secrets. But Octaform seeks a declaration only that the defendants in this lawsuit are not authorized to use the trade secrets, and aside from some general allegations in the complaint, there is no indicating that the manufacturer claims an actual ownership interest in these trade secrets.

[22] Nev. Rev. Stat. § 600A.090(1).

[23] *Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *5 (D. Nev. Sept. 6, 2012); *Hutchison v. KFC Corp.*, 809 F. Supp. 68, 71 (D. Nev. 1992) ("Plaintiff's unjust enrichment and unfair competition arguments are based on the allegations that Defendant misappropriated their trade secret for skinless fried chicken. Since these two claims are duplicative of the civil remedies Plaintiffs claim for the alleged misappropriation of their trade secret, they are displaced by the Uniform Trade Secrets Act and will be dismissed.").

from not being generally known to . . . the public," as long as the owner of this information takes reasonable steps to keep the information secret.[24] "Misappropriation" is also broad: acquiring, "disclos[ing]," or "use[ing]" a trade secret.[25] So if Octaform's tort claims hinge on the allegation that the defendants used or disclosed Octaform's secret "information," NUTSA precludes the claims. And they all do.

First, Octaform's conversion claim alleges that the defendants stole "Octaform's confidential, proprietary and trade secret information."[26] On its face, this claim relies on a misappropriation allegation. Although Octaform contends in its briefing that "some property taken by Defendants ultimately may not be deemed to be a trade secret," it does not plausibly allege that the defendants stole anything but trade secrets. Octaform says that "confidential" and "proprietary" information is different than trade secret information, but it fails to explain how—this information would appear to qualify as "secret" and "valuable" information under NUTSA. And Octaform offers no authority suggesting that it could pursue a conversion claim for confidential or proprietary information outside of NUTSA.[27]

Second, Octaform's tortious interference claim similarly relies on allegations that the defendants misappropriated trade secrets. This claim requires Octaform to prove that the defendants interfered with Octaform's business relationships in an improper manner—and the only plausible allegation that the defendants acted improperly is that they stole Octaform's trade secrets. The only difference between this claim and the conversion claim is that instead of arguing that the defendants stole the trade secrets, Octaform is claiming that the defendants used

---

[24] Nev. Rev. Stat. § 600A.030.

[25] *Id.*

[26] ECF No. 1 at 21.

[27] Octaform's conversion claim is clear: it alleges that the defendants stole confidential, proprietary, and trade secret information. ECF No. 1 at 21. Octaform argues that it otherwise alleges that the defendants stole copyrighted works or a physical device, but it did not plausibly allege either of these allegations in its conversion claim. If Octaform is able to allege additional facts plausibly suggesting that the defendants stole something other than Octaform's trade secrets (or the equivalent of a trade secret), then it is free to amend this claim.

the stolen trade secrets to interfere with business relationships. As pleaded, this claim is therefore barred by NUTSA.[28]

Third, Octaform's claim for unjust enrichment relies on its trade secret claim. Octaform alleges that the defendants have been unjustly enriched by using "Octaform['s] intellectual property." The only intellectual property that Octaform alleges with sufficient specificity is its trade secrets. As with the other claims, to the extent that Octaform means to allege that the defendants have taken or improperly used other legally-protected property (such as a copyrighted work or physical property), it did not plausibly allege that claim.

Finally, as pleaded, Octaform's civil conspiracy claim is not plausible. To succeed here, Octaform must prove that the defendants agreed to carry out a tort together.[29] But Octaform alleges only that the defendants agreed to carry out the "unlawful actions" otherwise stated in the complaint. Its only other allegations for this claim are that the defendants acted "willfully" and "maliciously" to harm Octaform's business. To the extent that Octaform meant to allege that the defendants agreed to carry out a tort distinct from trade secret misappropriation, it did not plausibly allege that claim.

**D. Leave to Amend**

I will allow Octaform to amend its complaint, but it is cautioned that if the amended complaint does not contain specific facts stating claims wholly independent from its allegations of trade secret misappropriation, I will dismiss those claims with prejudice. To the extent that Octaform intends to claim that the defendants stole or misused physical or copyrighted property that is legally-protected—without resort to Nevada's trade secret protection—it must allege those claims with specific supporting facts.

---

[28] Octaform also mentions in its complaint that the defendants might have improperly interfered using Octaform's "other intellectual property"—but there are not enough specific facts making this aspect of the claim plausible. If Octaform intends to claim that copyrighted, patented, or other legally-protected property was taken, it can amend its complaint to assert that claim.

[29] *Ungaro v. Desert Palace, Inc.*, 732 F. Supp. 1522 (D. Nev. 1989).

## III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 16) is GRANTED IN PART AND DENIED IN PART**. Octaform's third cause of action for conversion, fourth cause of action for tortious interference, sixth cause of action for unjust enrichment, and seventh cause of action for civil conspiracy are dismissed with leave to amend. The defendants may file an amended complaint within 14 days of entry of this order. The balance of the defendants' motion is denied as explained above.

Dated: June 12, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE