# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OCTAFORM SYSTEMS INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRUCE JOHNSTON, et al.,<br><br>Defendants. | Case No. 2:16-cv-02500-APG-BNW<br><br>**ORDER** |

Presently before the court is Defendants' Motion for Protective Order Re: Steve Ehrenpreis & Jedso, Inc. (ECF No. 111), filed on March 25, 2019. Plaintiffs and Third-Party Defendant David Richardson filed a response (ECF No. 119) on April 8, 2019. Defendants filed a reply (ECF No. 120) on April 15, 2019.

The court held a hearing on Defendants' motion for a protective order on June 4, 2019. (Mins. of Proceedings (ECF No. 128).) As stated in that hearing, the court denied in part and granted in part Defendants' motion for a protective order. The motion was denied to the extent that the depositions of Mr. Ehrenpreis and Jedso, Inc. will not be precluded. The motion was granted to the extent that these depositions will be limited in scope and certain documents must be produced before these depositions, as stated during the hearing. The court also took the parties' requests for sanctions under submission. This Order addresses the parties' requests for sanctions.

When a motion for protective order is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). It is within the court's broad discretion to control discovery, "and its rulings will not be overturned in the absence of a clear abuse of discretion." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). The court has

considered the parties' memoranda of points and authorities and the arguments presented by counsel at the hearing regarding sanctions. For the reasons discussed below, the court in its discretion declines to apportion expenses and will deny both parties' requests for sanctions.

On the one hand, the court observes that the motion for a protective order was filed just days before Mr. Ehrenpreis and Jedso, Inc.'s depositions were scheduled to take place. The timing of this filing caused Plaintiffs to incur costs that they would have otherwise not incurred. On the other hand, Defendants provided e-mails showing that they were trying to informally reach an agreement with Plaintiffs limiting the scope of the deposition up until this motion was filed. While Plaintiffs were not required to come to an agreement regarding the scope of the deposition, Plaintiffs have been on notice, at least as of February 20, 2019 (the date on which Judge Gordon held a hearing on the Motion to Stay) and later through subsequent e-mail communications, that Defendants would be requesting court involvement regarding the scope of Mr. Ehrenpreis' deposition if the parties could not come to a mutual agreement. The case was and continues to be stayed, and Plaintiffs could have waited until this court resolved the motion for a protective order before attempting to take the deposition.

Nevertheless, Plaintiffs had properly subpoenaed Mr. Ehrenpreis, and Mr. Ehrenpreis did not object to the subpoena. The court does not look favorably on the communications between defense counsel and counsel for Mr. Ehrenpreis regarding the need for Mr. Ehrenpreis to attend the deposition, as Mr. Ehrenpreis' attendance at the deposition was compelled by subpoena and the court had not entered a protective order or stayed the deposition pending resolution of the motion for protective order. *See* Fed. R. Civ. P. 45(g) (providing that the court issuing the subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."); *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) (stating that a non-party's attendance at a deposition is compelled by subpoena). Despite the Defendants' conduct, Plaintiffs could have determined that the deposition would still go forward as noticed and move for sanctions against Mr. Ehrenpreis if he did not attend. Instead, Plaintiffs decided that they would not move forward with the deposition based on the inconveniences and interruptions to Plaintiffs' counsel's deposition preparation caused by

Defendants. Given these competing considerations, the court in its discretion finds that the parties should bear their own fees and expenses.

Beyond the Rule 37 sanctions, Defendants requested sanctions under Federal Rule of Civil Procedure 45(d)(1) (ECF No. 111 at 10), which provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court . . . must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." As stated at the hearing, the court finds that Plaintiffs did not impose an undue burden or expense on non-parties Steve Ehrenpreis or Jedso, Inc. by subpoenaing them for their depositions. This is most clearly evidenced by the fact that they did not object to their subpoenas. To the extent Defendants argue the depositions caused them undue burden or expense, the court addressed that concern by limiting the scope of the depositions as stated at the hearing.

As to Plaintiffs and Richardson's request for sanctions, they did not file a stand-alone motion, but the court nevertheless has considered their argument that Defendants and their counsel should be sanctioned for intentionally interfering with Plaintiffs' subpoena. (ECF No. 119 at 20.) While Plaintiffs and Mr. Richardson cite persuasive authority that condemns interference with subpoenas issued to non-parties, the court in its discretion declines to sanction Defendants for the reasons discussed in this order.

IT IS THEREFORE ORDERED that the parties' request for sanctions is DENIED. It is further ordered that each party must bear its own costs and fees related to Defendants' motion for a protective order.

DATED: June 7, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE